## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KEVIN DAWSON, # M53531,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 25-cv-00742-SMY** |
| | ) | |
| **LATOYA HUGHES,** | ) | |
| **JOLEEN KUHNERT,** | ) | |
| **FRANK LAWRENCE, and** | ) | |
| **ANTHONY WILLS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kevin Dawson, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff is wheelchair-bound and claims he was denied necessary accommodations, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. and the Rehabilitation Act ("RA"), 29 U.S.C. § 701, *et seq*. (Doc. 1). He seeks monetary damages and injunctive relief. *Id.*

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff is a qualified

1

individual under the ADA and RA who depends on a wheelchair due to a gunshot wound to his spinal cord (Doc. 1, pp. 10, 13, 16).  On June 5, 2024, he was transferred to Menard and placed in the health care unit, which lacked grab/assist bars to assist him with maneuvering in and out of his wheelchair (Doc. 1, p. 10).

On August 23, 2024, Plaintiff was moved to cell No. 311, which was also not ADA compliant with no assist bars.  The toilet was too low, had no bars, and Plaintiff was forced to use it backwards (Doc. 1, p. 12).  The sink was attached to the toilet, making it hard for Plaintiff to use.  The shower was difficult to access, and the shower chair was broken.

After Plaintiff filed a grievance, Defendant Joleen Kuhnert (the Assistant ADA Coordinator) spoke to him on August 30, 2024 (Doc. 1, pp. 10, 12, 14).  Kuhnert listened to Plaintiff's explanation of the problems and observed the shower but took no action to provide Plaintiff with necessary accommodations for his safety.  *Id.*

On January 13, 2025, Plaintiff was using the shower chair when it broke, causing him to fall and hit his head.  He is unable to fit his wheelchair into the shower.  Plaintiff filed another grievance in January 2025.  He has suffered other falls since that date (Doc. 1, p. 18).

IDOC has failed to provide Plaintiff with safe and accessible toileting facilities, showering facilities, housing, or basic hygiene facilities at Menard and has failed to provide him with any reasonable accommodations for his disability (Doc. 1, pp. 13-14).  As a result of Kuhnert's and IDOC's failure to provide these accommodations, Plaintiff has been injured in falls, has suffered difficulty with his bowels and bodily functions, and has experienced severe pain and suffering (Doc. 1, pp. 15, 17-18).  Plaintiff seeks damages, and injunctive relief requiring the IDOC to provide him with facilities and accommodations in compliance with the ADA and RA (Doc. 1, pp. 16, 18, 20).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1:    ADA and RA claims against Defendants for failing to provide wheelchair-accessible facilities and accommodations for Plaintiff's disability.

Count 2:    Eighth Amendment claim against Defendants for their deliberate indifference to Plaintiff's serious medical and disability-related needs, resulting in injury, pain, and suffering.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Preliminary Dismissals

Plaintiff names Frank Lawrence, the assistant warden and ADA coordinator, as a defendant (Doc. 1, p. 2).   However, he fails to mention Lawrence in his statement of claim and does not describe what he allegedly did to violate his constitutional rights. (Doc. 1, pp. 2-3, 10-18).  Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Because Plaintiff has not articulated a claim against Lawrence, he will be dismissed from the case without prejudice.

## Discussion

### Count 1

Plaintiff's allegations are sufficient to state a viable ADA and RA claim.  However, this claim cannot proceed against the individual employees of IDOC because they cannot be sued under the ADA or the RA. *Jaros v. Illinois Dep't of Corrs*, 684 F.3d 667, 670 (7th Cir. 2012).  The

3

proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in their official capacity)). Plaintiff has correctly named Latoya Hughes (IDOC Director) as a defendant in her official capacity. Therefore, Count 1 will proceed only against Hughes; the remaining defendants are dismissed from this claim.

### Count 2

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* An objectively serious condition includes a condition that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

While Plaintiff did not specifically invoke the Eighth Amendment, he seeks monetary damages for the injuries he suffered from the lack of ADA/RA safety accommodations. Plaintiff's allegation that Joleen Kuhnert knew about the danger he faced from the noncompliant conditions yet failed to act to mitigate the risks is sufficient to state a claim for deliberate indifference against her. Count 2 will therefore proceed against Kuhnert in her individual capacity. The remaining defendants are dismissed from this claim.

### Injunctive Relief

Because the Complaint includes a request for injunctive relief, Menard Warden Wills will remain as a defendant in his official capacity regarding this request. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding warden is proper defendant for injunctive relief claim

4

as he would be responsible for ensuring that any injunctive relief would be carried out).

## Disposition

The Complaint states colorable claims in Count 1 against Hughes in her official capacity as IDOC Director; and in Count 2 against Kuhnert. Defendant Frank Lawrence is **DISMISSED** without prejudice.

The Clerk shall prepare for Latoya Hughes (official capacity only), Joleen Kuhnert, and Warden Anthony Wills (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: October 7, 2025**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

<u>**Notice to Plaintiff**</u>

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.